MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael Faillace [MF-8436]
110 East 59th Street, 32nd Floor
New York, New York 10022
(212) 317-1200
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
ERICK MENDEZ, CARLOS LEON, JESUS
GARCIA, ALEJANDRO RAMOS, AND ANGEL
RODRIGUEZ, *individually and on behalf of others
similarly situated*,

                              *Plaintiffs*,              07 CV 8428 (HB)

     -against-

NONNA RESTAURANT CORP. d/b/a ROC          **COMPLAINT**
RESTAURANT, ROCCO CADOLINI, and ELIO
GUAITOLINI,                                          **FLSA Collective Action**

                              *Defendants*.
-----------------------------------------------------------------X

Plaintiffs Erick Mendez, Carlos Leon, Jesus Garcia, Alejandro Ramos, and Angel Rodriguez, individually and on behalf of others similarly situated, by and through their attorneys, Michael Faillace & Associates, P.C., allege upon information and belief of the above named Defendants, as follows:

### NATURE OF THE ACTION

1.     Plaintiffs are former employees of Nonna Restaurant Corporation d/b/a ROC Restaurant ("Defendant ROC"), Rocco Cadolini (Defendant Cadolini), and Elio Guaitolini (Defendant Guaitolini).

2.     Nonna Restaurant Corp., by and through its owners, operates an Italian restaurant named ROC Restaurant located at 190-A Duane Street, New York, New York, 10013.

3. Defendant ROC is owned and operated by individual Defendants Cadolini and Guaitolini. Upon information and belief, Defendant Cadolini serves as an owner, principal, or agent of Defendant ROC; Defendant Guaitolini serves as an owner.

4. Defendants have maintained a policy and practice of requiring Plaintiffs and other similarly situated employees to work in excess of forty (40) hours per week without providing the minimum wage or overtime compensation required by federal and state law and regulations. Plaintiffs now bring this action, on behalf of themselves and other similarly situated individuals, for unpaid minimum wages and overtime wage orders pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law ("NYLL") § 650 *et seq.*, and the spread of hours and overtime wage orders of the New York Commissioner of Labor (the "spread of hours order" and "overtime wage order" respectively codified at 12 N.Y.C.R.R. § 142-2.2, 2.4.)

5. Plaintiffs also seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of the Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiffs' state law claims is conferred by 28 U.S.C. § 1367(a).

7. Venue is proper in this District under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, and Plaintiffs were employed by Defendants in this district.

## PARTIES

*Plaintiffs*

8.  Plaintiff Erick Mendez ("Plaintiff Mendez") is an adult individual residing in Queens County, New York. Plaintiff Mendez was employed by Defendants as a delivery boy from approximately February 2002 to December 2002. From approximately February 2002 through May 2002, Plaintiff Mendez typically worked 30 hours per week from 5 p.m. to 10 p.m. collecting about $300 in weekly tips. From approximately June 2002 to October 2002, Plaintiff Mendez typically worked 60 hours per week from 10 a.m. to 3 p.m., and 5 p.m. to 10 p.m. collecting about $420 in weekly tips. During his employment with Defendants, Plaintiff Mendez never received an hourly wage as compensation for his work; rather, Plaintiff Mendez's pay came solely from the tips he collected on his delivery route. In addition to his delivery duties, Plaintiff Mendez was required to perform non-delivery work for approximately one hour, which included cutting and preparing bread, cheese, and other food items.

9.  Plaintiff Carlos Leon ("Plaintiff Leon") is an adult individual now residing in Pennsylvania County, Pennsylvania. Plaintiff Leon was employed by Defendants as a delivery boy from approximately June 2001 to October 2003. During his employment with Defendants, Plaintiff Leon regularly worked 36 hours per week from 5 p.m. to 11 p.m., collecting about $300 in weekly tips. During his employment with Defendants, Plaintiff Leon never received an hourly wage as compensation for his work; rather, Plaintiff Leon's pay came solely from the tips he collected on his delivery route. In addition to his delivery duties, Plaintiff Leon was required to perform non-delivery work for approximately one hour, which included cutting and preparing bread, cheese, and other food items.

10. Plaintiff Jesus Garcia ("Plaintiff Garcia") is an adult individual residing in Kings County, New York. Plaintiff Garcia was employed by Defendants as a delivery boy from approximately October 2001 to November 2002. From approximately October 2001 to January 2002, Plaintiff Garcia typically worked 36 hours per week from 5 p.m. to 11 p.m. collecting about $300 in weekly tips. From approximately February 2002 to August 2002, Plaintiff Garcia typically worked 72 hours per week from 10 a.m. to 4 p.m., and 5 p.m. to 11 p.m. collecting about $420 in weekly tips. From approximately September 2002 to November 2002, Plaintiff Garcia typically worked 36 hours per week from 5 p.m. to 11 p.m. collecting about $300 in weekly tips. During his employment with Defendants, Plaintiff Garcia never received an hourly wage as compensation for his work; rather, Plaintiff Garcia's pay came solely from the tips he collected on his delivery route. In addition to his delivery duties, Plaintiff Garcia was required to perform non-delivery work for approximately two hours, which included cutting and preparing bread, cheese, and other food items.

11. Plaintiff Alejandro Ramos ("Plaintiff Ramos") is an adult individual now residing in Pennsylvania County, Pennsylvania. Plaintiff Ramos was employed by Defendants as a delivery boy from approximately March 2002 to May 2003. During his employment with Defendants, Plaintiff Ramos regularly worked 36 hours per week from 5 p.m. to 11 p.m. collecting about $300 in weekly tips. Plaintiff Ramos never received an hourly wage as compensation for his work; rather, Plaintiff Ramos' pay came solely from the tips he collected on his delivery route. In addition to his delivery duties, Plaintiff Ramos was required to perform non-delivery work for approximately one hour, which included cutting and preparing bread, cheese, and other food items.

12. Plaintiff Angel Rodriguez ("Plaintiff Rodriguez") is an adult individual residing in Bronx County, New York. Plaintiff Rodriguez was employed by Defendants as a delivery boy from approximately October 2001 to July 2003. From approximately October 2001 to March 2002, Plaintiff Rodriguez typically worked 36 hours per week from 5 p.m. to 11 p.m. collecting about $300 in weekly tips. From approximately April 2002 to July 2003, Plaintiff Rodriguez typically worked 66 hours per week from 11 a.m. to 10 p.m. collecting about $420 in weekly tips. During his employment with Defendants, Plaintiff Rodriguez never received an hourly wage as compensation for his work; rather, Plaintiff Rodriguez's pay came solely from the tips he collected on his delivery route. In addition to his delivery duties, Plaintiff Rodriguez was required to perform non-delivery work for approximately one hour, which included cutting and preparing bread, cheese, and other food items.

*Defendants*

13. Upon information and belief, Defendant Nonna Restaurant Corporation d/b/a ROC Restaurant, is owned and operated by individual Defendants Cadolini and Guaitolini, who are sued as an individuals and in their capacity as owners, officers and/or agent who operate as a director and officer of said Defendant ROC.

14. Upon information and belief, Defendant ROC is a corporation organized and existing in New York County.

15. Defendant ROC maintains its place of business at 190-A Duane Street, New York, New York 10013.