## STATEMENT OF FACTS

*Defendants' Employment and Compensation Practices*

16. Defendants often required Plaintiffs to work in excess of forty (40) hours per week, and more than ten (10) hours a day without paying them the proper regular rate of pay, overtime wages, or spread of hour compensation.

17. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York State Labor Law by failing to maintain proper and complete timesheets or payroll records.

18. At no time did Defendants pay Plaintiffs an hourly wage by either check or cash. Plaintiffs' sole form of payment as compensation for the work they performed was the tips they collected from deliveries.

19. At no time did Defendants provide Plaintiffs with an accurate indication as to their rate of pay, daily hours worked, or total hours worked each week.

20. Beginning in 2001, Defendant Cadolini instituted a business practice requiring the delivery boys to sign a document, which purported to be wage checks received by Plaintiffs. Defendant Cadolini did not allow Plaintiffs to read or review the document and told them that if they did not sign, they would be fired. Defendant Cadolini kept all the falsified, "signed" pay check documents in his possession.

21. In approximately September 2002, Plaintiff Mendez approached Defendant Cadolini and told him that the Plaintiffs and other delivery boys were not being properly paid under the law. Plaintiff Mendez explained that he was working both the morning and evening

shift, but receiving no minimum or overtime wages. Defendant Cadolini told Plaintiff Mendez that if he did not like the pay, he could leave the job.

### Defendants' Organizational Structure

22. At all relevant times, Defendants employed and/or jointly employed the Plaintiffs.

23. At all relevant times, Defendants were the Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, control their terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiffs' services.

24. The gross annual volume of sales made or business done by Defendants, for each year in existence, was not less than $500,000 (exclusive of excise taxes at retail level).

### Collective Action Claims

25. On information and belief, there are over 15 current and former employees that are similarly situated to Plaintiffs who have been denied minimum wage and overtime compensation while working for Defendants.

26. The named Plaintiffs are representative of these other workers and are acting on behalf of their interests as well as their own interest in bringing this action:

   a. Similarly situated former and current employees are readily identifiable and locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such notice, persons similarly situated to Plaintiffs who have been unlawfully deprived of minimum wage and overtime pay in violation of the Fair Labor Standards Act,

will be unable to secure compensation to which they are entitled and which has been unlawfully withheld from them by Defendants.

### FIRST CAUSE OF ACTION
### Minimum Wage Act Under the FLSA

27. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

28. At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA, 29 U.S.C. § 203(d).

29. At all relevant times, Defendants were engaged in commerce or in an industry or activity affecting commerce.

30. Defendant ROC constitutes an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

31. Defendants willfully failed to pay Plaintiffs the applicable minimum hourly rate in violation of 29 U.S.C. §§ 206(a) and 255(a).

32. Plaintiffs have been damaged in an amount to be determined at trial.

### SECOND CAUSE OF ACTION
### Overtime Wage Order Under the FLSA

33. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

34. Defendants willfully failed to pay Plaintiffs pursuant to the overtime wage order at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek, in violation of 29 U.S.C. §§ 207(a)(1) and 255(a).

35. Plaintiffs have been damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### Minimum Wage Act Under the NYLL

36. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

37. At all relevant times, Defendants were Plaintiffs' employers within the meaning of the NYLL §§ 2 and 651.

38. Defendants knowingly failed to pay Plaintiffs the minimum wage in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor.

39. Defendants' failure to pay Plaintiffs minimum wage was willful within the meaning of NYLL § 663.

40. Plaintiffs have been damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
### Overtime Wage Order Under the NYSLL

41. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

42. Defendants willfully failed to pay Plaintiffs overtime at the rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek, in violation of NYLL § 190 *et seq.* and regulations of the New York State Department of Labor.

43. Defendants' failure to pay Plaintiffs overtime was willful within the meaning of NYLL § 663.

44. Plaintiffs have been damaged in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION
### Spread of Hours Wage Order

45. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

46. Defendants failed to pay Plaintiffs one additional hour's pay at the minimum wage rate for each day a Plaintiff worked more than ten hours in violation of the Spread of Hours

Wage Order.

47.     Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs worked in excess of ten hours was willful within the meaning of NYLL § 663.

48.     Plaintiffs have been damaged in an amount to be determined at trial.

### PRAYER FOR RELIEF

WHEREFOR, Plaintiffs respectfully requests that this Court enter judgment against Defendants:

A.     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be plaintiffs in the FLSA claims in this action;

B.     Declaring that Defendants have violated the minimum wage orders of the FLSA and NYLL, as to Plaintiffs;

C.     Declaring that Defendants have violated the overtime wage orders of the FLSA and NYLL, as to Plaintiffs;

D.     Declaring that Defendants' violation of the FLSA and NYLL were willful, as to Plaintiffs;

E.     Declaring that Defendants have violated the Spread of Hours Wage Order of the New York Commissioner of Labor, as to Plaintiffs;

F.     Awarding Plaintiffs and the punitive class members damages for the amount of unpaid minimum and overtime wages, as well as spread of hours pay under the FLSA and NYLL;

      G.    Awarding Plaintiffs and the punitive class members liquidated damages in an amount equal to minimum and overtime wage orders, as well as the spread of hours pay pursuant to 29 U.S.C. § 216(b);

      H.    Awarding Plaintiffs and the punitive class liquidated damages in an amount equal to twenty-five percent (25%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663;

      I.    Awarding Plaintiffs and the punitive class prejudgment interest;

      J.    Awarding Plaintiffs and the punitive class members the expenses incurred in this action, including costs and attorney's fees; and

      K.    For such other and further relief as the Court deems just and proper.

Dated: New York, New York
       September 20, 2007

                              MICHAEL FAILLACE & ASSOCIATES, P.C.

                              By: _____/s/_____
                              Michael Faillace [MF-8436]
                              110 East 59th Street, 32nd Floor
                              New York, New York 10022
                              (212) 317-1200
                              *Attorneys for Plaintiff*